UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA WHITNEY and HAROLD WHITNEY,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>        Defendant. | Case No.: 11-cv-02894-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY CASE** |

Plaintiffs Minerva Whitney and Harold Whitney filed this pharmaceutical products liability case against Defendant Novartis Pharmaceuticals Corporation on April 14, 2011. (Dkt. No. 1.) Plaintiffs allege claims of: Strict Liability; Negligence – Negligent Manufacture; Negligence – Failure to Warn; Breach of Express Warranty; Breach of Implied Warranty; and Loss of Consortium. Ms. Whitney is a 61 year old woman who was given intravenous treatments of the drug Zometa from approximately 2008 to 2009. Ms. Whitney alleges that as a result, she suffers from severe osteonecrosis of the jaw bone. Defendant has filed a Motion to Stay Case during 2012 on the ground that there are dozens of similar, earlier-filed cases involving the drugs Aredia and/or Zometa advancing rapidly to trial and "developments in those cases will assist the efficient resolution of this lawsuit." (Dkt. No. 45 & 46 ("Mot.") at 1.) Plaintiffs oppose this motion to stay. (Dkt. No. 49

("Opp.").) Having carefully considered the papers submitted and the pleadings in this action, the Court hereby **DENIES** the Motion to Stay Case.[1]

**A.   BACKGROUND**

In April 2006, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") created a multidistrict litigation relating to the drugs Aredia and Zometa. *In re: Aredia and Zometa Products Liab. Litig.*, No. 3:06-MD-1760 (M.D. Tenn.) ("MDL No. 1760"). Mot. at 2; Opp. at 2–3. On April 15, 2011, the JPML suspended the automatic transfer of new Aredia and Zometa cases into MDL No. 1760. (Dkt. Nos. 47-12 & 50-5.) In August 2011, Plaintiffs filed a motion requesting that the JPML transfer this case to MDL No. 1760. Mot. at 3; Opp. at 4; *see* Dkt. No. 21 (Notice of Filing of Motion for Multidistrict Transfer). This motion for transfer was made with numerous other plaintiffs alleging claims similar to Plaintiffs. On December 14, 2011, the JPML denied Plaintiffs' motion for transfer ("Order Denying Transfer"). (Dkt. Nos. 47-14 & 50-6 (in total, denying transfer of 34 actions).) In the Order Denying Transfer, the JPML concluded that inclusion of the actions was "not necessary to achieve the just and efficient conduct of the litigation." The Panel also stated that "[t]he remaining issues in the cases in the transferee court appear to be case-specific, and the transferee court has been suggesting remand of waves of individual cases once briefing on motions has been completed." The Panel further noted that the parties had not addressed why they could not avail themselves of the documents and depositions accumulated in MDL No. 1760.

As noted above, Defendant's motion to stay this action throughout 2012 is based primarily on the ground that there are dozens of similar, earlier-filed cases involving Aredia and/or Zometa advancing rapidly to trial and "developments in those cases will assist the efficient resolution of this lawsuit." Mot. at 1. Defendant notes that eight other federal district courts have stayed proceedings during 2012 involving these drugs, and that "[a] stay here will advance judicial and litigant efficiency." *Id.* at 1 & 5–6 ("The trials, discovery, and rulings that will be forthcoming in 2012 in the far more advanced . . . cases, all of which were filed years before this lawsuit, will inform and assist the ultimate resolution of this action."). Defendant highlights that Plaintiffs previously sought for this

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 1, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 1, 2012.

2

case to be transferred to MDL No. 1760 as further reason to stay the action now. *Id.* at 4 ("Plaintiffs not only asked for a transfer for MDL [No.] 1760, but also asked that their case be placed at the back of the line, behind hundreds of other cases that had been filed before their case.") & 7; Dkt. No. 53 ("Reply") at 1 ("[P]laintiffs cannot now turn around and contend that the 'best and fairest use of resources' is in preparing their case ahead of those pending longer in the MDL.").

Plaintiffs oppose the motion to stay and contend that the Order Denying Transfer intended for this case to move forward in its respective district court with the benefit of the discovery conducted in MDL No. 1760. Opp. at 3–4. Plaintiffs further contend that while Defendant argues that developments in the more advanced lawsuits will inform and assist the ultimate resolution of this action, it fails to specifically identify how these earlier-filed cases will actually help advance this case if it is stayed. *Id.* at 5:9–10 (Defendant has failed "to show any truly compelling reason why the *instant case* should be stayed"). Plaintiffs seek to have this case proceed with its "case-specific" issues and discovery and assert that prejudice will result from the stay based on Ms. Whitney's poor health, among other reasons. *Id.* at 7–8.

**B.   ANALYSIS**

The decision whether to stay this action rests in the discretion of this Court. Mot. at 5. The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Mot. at 5 & Opp. at 3 (both quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). In some cases, it is appropriate for a district court to stay proceedings in a lawsuit based on other related lawsuits. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

The Court finds that, in this case, a stay is not warranted. Defendant provides no concrete explanation regarding how the development of other cases will assist in the ultimate resolution of this action. The Court is not persuaded that the case-specific issues arising from Plaintiffs' action (which is in a posture to move forward) are somehow reliant on the disposition of any other action whose trial is scheduled to occur in 2012. While Defendants place heavy emphasis on a number of other district courts that have chosen to stay their Aredia or Zometa-related actions, Plaintiffs have also noted that a

number of courts have denied similar motions to stay. Further, many of those cases were stayed upon stipulation or non-opposition.

For the foregoing reasons, Defendant's Motion to Stay Case is **DENIED**. This Order terminates Dkt. No. 45.

**IT IS SO ORDERED.**

Dated: April 25, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4